Opderbeck v Bush (2019 NY Slip Op 09224)





Opderbeck v Bush


2019 NY Slip Op 09224


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, TROUTMAN, AND BANNISTER, JJ.


1314 CA 19-01154

[*1]JEFF OPDERBECK, PLAINTIFF-APPELLANT,
v
PATRICIA BUSH AND RON BUSH, DEFENDANTS-RESPONDENTS. 






MICHAELS & SMOLAK, P.C., AUBURN (MICHAEL G. BERSANI OF COUNSEL), FOR PLAINTIFF-APPELLANT.
BARTH SULLIVAN BEHR LLP, BUFFALO (LAURENCE D. BEHR OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Cayuga County (Thomas G. Leone, A.J.), entered February 6, 2019. The order, insofar as appealed from, granted that part of the motion of defendants seeking summary judgment dismissing the first cause of action. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in part, and the first cause of action is reinstated.
Memorandum: Plaintiff, a delivery employee of UPS, commenced this action seeking damages for injuries he allegedly sustained when he was bitten on the wrist by defendants' dog while delivering a package to their residence. Supreme Court granted defendants' motion for summary judgment dismissing the complaint. As limited by his brief, plaintiff contends that the court erred in granting the motion with respect to the first cause of action, for strict liability based on the dog's vicious propensities. We agree with plaintiff and therefore reverse the order insofar as appealed from.
We conclude that defendants failed to meet their initial burden of establishing that they neither knew nor should have known that the dog had any vicious propensities (see Young v Grizanti, 164 AD3d 1661, 1662 [4th Dept 2018]). In support of their motion, defendants submitted their deposition testimony. Defendant Ron Bush admitted at his deposition that defendants had purchased the dog in part for protection and that he considered a dog's bark to act like an "alarm." Moreover, defendant Patricia Bush testified that, when the dog was running toward plaintiff at the time of the incident, she directed plaintiff to "[s]tand still." Both defendants admitted that there were three "Beware of Dog" signs posted on their premises. Thus, taken together, defendants' own submissions raise a triable issue of fact whether defendants had prior knowledge of the dog's vicious propensities (see generally Frantz v McGonagle, 242 AD2d 888, 888 [4th Dept 1997]).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court